# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

TONY R. BARNES, et al.,            )
                                   )
                    Plaintiffs,    )
                                   )
v.                                 )   Case No. 04-1350-WEB
                                   )
AKAL SECURITY, INC., et al.,       )
                                   )
                    Defendants.    )
_____  )

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion to Show Cause Regarding Defendant Akal Security, Inc.'s Failure to Produce Documents. (Doc. 153.) Defendants responded (Doc. 178), and Plaintiffs replied. (Doc. 184.) The Court, having reviewed all of the briefings of the parties and attachments thereto, is prepared to rule.

## BACKGROUND

Plaintiffs, former employees of Defendant Akal Security, Inc., filed their Complaint against the Defendants consisting of violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, relating to alleged overtime pay violations. (Doc. 1.) Three of the Plaintiffs, Barnes, Riche, and Borggreen, also allege retaliation in violation of the FLSA. The parties' claims and defenses are more thoroughly summarized in the Court's Memorandum and Order (Doc. 115)

regarding Plaintiffs' first Motion to Compel (Doc. 53). That summary is incorporated herein by reference. The following additional facts are relevant to the present motion.

On January 18, 2005, Plaintiffs served their First Set of Interrogatories and Requests for Production of Documents on Defendants (*see* Notice of Service, Doc. 15), which Defendants answered in part and objected to in part. At the time, Defendants were represented by the second of four law firms that have represented them throughout the course of this litigation. (Doc. 178 at 1.) One of Plaintiffs' document requests sought "all files and documents relating to the employment" of Angel Romero, in addition to other individuals. (Doc. 54, Exh. 1, pg. 4, Request No. 4.) In response, Defendants stated:

> Defendants object to this request as it relates to Romero . . . in that the request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks information beyond that which is at issue in this lawsuit and because these documents contain personal information unrelated to the claims raised in this proceeding. Subject thereto and without waiving same, defendants will produce the personnel files of Romero . . . upon availability subject to appropriate protective order.

(Doc. 153, Exh. 3.)

Plaintiffs filed their first Motion to Compel (Doc. 53) on April 27, 2005, challenging Defendants' objections to various Interrogatories and Requests for

Production, including Defendants' response to Request No. 4, *supra*.  In response to that Motion, filed on May 11, 2005, Defendants agreed to produce "the file of Mr. Romero."  (Doc. 56 at 11.)

That same day, Defendants produced documents responsive to Plaintiffs' document requests, including what was identified as Romero's personnel file.[1]  (Doc. 153 at 3.)  Defendants concede that the documents produced "did not contain any documents relating to Mr. Romero's termination of employment from Akal."  (Doc. 178 at 2.)  Defendants apparently had not, as of the filing of the present motion, produced any other employment or termination-related documents regarding Romero.  (Doc. 153 at 3.)

Defendants terminated the representation of their second law firm in approximately June 2005, and retained the third of four law firms to represent them in this matter.  (Doc. 178 at 2.)  During the process of changing counsel, approximately seven bankers' boxes of documents were transferred to Defendants' new counsel on June 11, 2005.  (Doc. 178 at 2.)  "Included in those boxes was a folder, apart from Mr. Romero's personnel file, that included some pages regarding Mr. Romero's unemployment benefits claim" with the KDOL.  (*Id*.)  Defendants'

---

[1] Defendants were still represented by their second law firm at the time of that document production.

current (fourth) counsel surmises that these documents were overlooked by prior counsel at the time "because of the large volume of documents involved in the transfer between firms." (*Id*.)

At some unspecified time, Plaintiffs' counsel learned of the termination of Romero's employment. (Doc. 153 at 4.) Plaintiff's counsel then contacted Akal's attorney to state they had received no documents regarding Romero's termination, alleged misconduct, and/or Akal's investigation into the same. (*Id*.) Akal's (third) counsel informed Plaintiffs' counsel that a review had been conducted, which gave them "no reason to believe that additional documents exist at this time." (*Id*. at 4, Exh. 6.)

Thereafter, Plaintiffs' counsel began attempts to secure the KDOL records relating to Romero's claim for unemployment. (*Id*.) On November 29, 2005, Plaintiffs' counsel proposed a joint order for release of the KDOL records. (*Id*.)

On December 9, 2005, the Court entered an Order (Doc. 115) granting in part and denying in part Plaintiffs' Motion to Compel (Doc. 53); the motion was granted as it pertained to Plaintiffs' Request No. 4, discussed *supra*. (Doc. 115.) According to Defendants, Plaintiffs' counsel then proposed to defense counsel that the parties jointly move for an order to release the KDOL records regarding Romero's claim for unemployment benefits. (Doc. 178 at 3.) In any event, on

December 29, 2005, Defendants' (third) counsel informed Plaintiffs' counsel that Defendants "cannot consent to the motion or agree not to oppose it." (Doc. 153 at 4, Exh. 7; Doc. 178 at 3.)

Plaintiffs moved on January 5, 2006, for an order to produce the KDOL records. (Doc. 127.) Defendants' (third) counsel sought and received an unopposed extension to respond to that motion. (Docs. 135, 136, text entry.) Thereafter, Defendants retained their current (fourth) counsel. (Doc. 178 at 3; Docs. 138 - 141).[2] Defendants' current counsel sought and received an additional extension (Docs. 143, 144) to respond to Plaintiffs' Motion for an Order for Inspection and Reproduction. Thereafter, defense counsel informed the Court on January 31, 2006, that it would not oppose that motion. (Doc. 146; Doc. 178 at 3.) The Court entered its order granting Plaintiffs' motion the next day. (Doc. 147.)

Plaintiffs received the KDOL records regarding Romero's claim for unemployment on February 8, 2006. (Doc. 153 at 5.) These records contained documents that had not been produced to Plaintiffs by Akal. (*Id.*)

Plaintiffs file the present motion seeking "an order requiring Akal to show cause why it should not be sanctioned for failing to produce documents responsive

---

[2] Present counsel for Akal filed a motion to appear *pro hac vice* on January 23, 2006 (Doc. 139), the same day that prior counsel moved to withdraw. (Doc. 138.)

5

to plaintiffs' request for documents relating to Angel Romero's employment with Akal." (Doc. 153 at 1.)

## DISCUSSION

Fed. R. Civ. P. 37(c) governs a party's failure to disclose or supplement discovery responses or provision of false or misleading responses. In such a situation, the Court may impose appropriate sanctions, including the payment of reasonable expenses such as attorneys fees or "informing the jury of the failure to make the disclosure." R. 37(c)(1).

The decision of whether or not to impose sanctions in a discovery dispute is within the discretion of the court. ***Nat'l Hockey League v. Metropolitan Hockey Club, Inc.***, 427 U.S. 639, 642, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976). The Court must consider on a case-by-case basis whether the party's failure was substantially justified or whether other circumstances make the imposition of sanctions inappropriate. ***Starlight Int'l, Inc. v. Herlihy***, 186 F.R.D. 626, 646 (D. Kan. 1999); ***Nguyen v. IBP, Inc.***, 162 F.R.D. 675, 679-80 (D. Kan. 1995).

Had all of the complained of actions occurred at the direction of, or while Defendants were represented by, a single law firm or attorney, the Court would find the actions egregious and would not hesitate to impose sanctions. The same would be true if there was a showing that Defendants were materially involved in

the decisions of their various attorneys as to which documents should be disclosed and/or whether certain motions should be opposed. This, in the Courts view, could indicate an attempt by Defendants to deceive or mislead Plaintiffs.

In this instance, however, the complained of events occurred while Defendants were represented by three different law firms. Further, there is no evidence that Defendants were actively involved in the review of documents by their various attorneys or any concerted effort to keep documents from Plaintiffs. The facts as described to the Court consist of a unfortunate series of events that, although causing certain prejudice to Plaintiffs and delays to the case, do not appear to involve bad faith or willful misconduct by Defendants or their current counsel. See **Hirpa v. IHC Hospitals, Inc.**, 50 Fed. Appx. 928, 932 (10th Cir. 2002) (internal citations omitted). Plaintiffs' Motion to Show Cause Regarding Defendant Akal Security Inc.'s Failure to Produce Documents is, therefore, DENIED in part. Defendants are cautioned, however, that the failure to comply with proper discovery requests or Orders of the Court concerning motions to compel in the future will result in the imposition of sanctions.

Mindful of the delays encountered by Plaintiffs, the Court instructs Defendants and defense counsel to engage in a concerted investigation to review any and all documents in their possession, custody and/or control relevant to Mr.

Romero's employment and/or termination.  Defendants shall have until **September 11, 2006**, to perform this investigation and supplement any and all relevant discovery responses.  (*See* Doc. 191 setting this deadline for Defendants to supplement prior discovery requests.)  Accordingly, Plaintiffs' Motion is **GRANTED** in part.

    **IT IS THEREFORE ORDERED** that Plaintiffs' Motion (Doc. 152) is **DENIED** in part and **GRANTED** in part as more fully described above.

    **IT IS SO ORDERED**.

    Dated at Wichita, Kansas on this 21st day of August, 2006.

                                              s/ Donald W. Bostwick
                                              DONALD W. BOSTWICK
                                              United States Magistrate Judge